540-07MEU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
COSTCO BULK CARRIER CO. LTD. (TIANJIN), .

**JUDGE HOLWELL**

**07 Civ.**

Plaintiff,

-against-                                    **VERIFIED COMPLAINT**

BELARUSSIAN SHIPPING CO.

Defendant.
-------------------------------------------------------------x

Plaintiff, COSCO BULK CARRIER CO., LTD (TIANJIN) (hereinafter "COSBULK")

for its Verified Complaint against Defendant BELARUSSIAN SHIPPING CO. (hereinafter

"BELARUSSIAN"), alleges upon information and belief as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract

of charter party. This case also falls under this Court's admiralty and maritime jurisdiction

pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C.

§1331 in that the action arises under the New York Convention on the Recognition and

Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal

Arbitration Act, 9 U.S.C. §1 *et se.*.

2.      At all times material hereto, Plaintiff COSBULK was and still is a foreign

business entity duly organized and existing under the laws of a foreign country with an address at

No. 901A, Ocean Shipping Building, 1 Ocean Shipping Plaza, Hebei District, Tianjin, Tianjin Municipality 300010 China.

3.    At all times relevant hereto, Defendant BELARUSSIAN was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address in Minsk, Belarus.

4.    Plaintiff COSBULK, in the capacity as owner of the M/V DONG CHANG HAI, entered into a maritime contract of time charter with Defendant BELARUSSIAN, as charterer, dated July 20, 2007.

5.    Plaintiff COSBULK duly tendered the vessel into the service of BELARUSSIAN and fully performed its obligations under the charter.

6.    At the conclusion of the charter period, Plaintiff COSBULK submitted a final hire statement to BELARUSSIAN showing a balance due in Plaintiff's favor in the amount of $212,786.50.

7.    In breach of the terms of the charter party, and despite due demand BELARUSSIAN has refused and/or otherwise failed to pay the amounts due and outstanding under the charter party, and the entire amount of $212,786.50 remains due and owing.

8.    The charter party, at Clause 17 and 84, specifically provides for the resolution of disputes by arbitration at London, England, with English law to apply.  COSBULK specifically reserves its right to arbitrate the merits of its dispute with BELARUSSION pursuant to the terms of the charter party.

9.    This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for COSBULK'S claim made or to be made in arbitration in London, England under English law, as agreed by the parties.

10.    As a regular feature of English law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements and the cost of the arbitration, all of which constitutes a part of the Plaintiff's claim and the amount sued for herein.

11.    Plaintiff estimates, as nearly as can be computed, that the legal expenses and costs of prosecuting the claim in London arbitration will be $75,000 and interest on its damages are estimated to be $36,526.80 (calculated at the rate of 8% per annum compounded quarterly for a period of two years, the estimated time for completion of the proceedings in London).

12.    In all, the claim for which COSBULK sues in this action, as near as presently may be estimated, totals $324,313.30, no part of which has been paid by BELARUSSIAN. COSBULK specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure COSBULK.

### Request for Rule B Relief

13.    Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant (collectively hereinafter, "ASSETS") at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

14.    The total amount to be attached pursuant to the calculations set forth above is $324,313.30.

WHEREFORE, Plaintiff COSCO BULK CARRIER CO. LTD. (TIANGIN) prays:

a.      That process in due form of law according to the practice of this Court may issue
against Defendant citing it to appear and answer the foregoing;

b.      That if Defendant cannot be found within this District pursuant to Supplemental
Rule B that all tangible or intangible property of Defendant up to and including
**$324,313.30** be restrained and attached, including, but not limited to any cash,
funds, escrow funds, credits, debts, wire transfers, electronic funds transfers,
accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter
hire, of, belonging to, due or being transferred from or for the benefit of
Defendant (collectively hereinafter, "ASSETS") at, through, or within the
possession, custody or control of such banking institutions and/or any such other
garnishees who may be served with a copy of the Process of Maritime Attachment
and Garnishment issued herein;

c.      That this Court retain jurisdiction over the matter for any further or supplemental
proceedings as may be necessary, including but not limited to the recognition and
enforcement of any award entered against the Defendant in the London
proceedings; and

d.      For such other, further and different relief as this Court may deem just and proper
in the premises.

Dated: New York, New York          FREEHILL HOGAN & MAHAR, LLP
October 24, 2007                   Attorney for Plaintiff COSCO BULK CARRIER
                                   CO. LTD. (TIANJIN)

                                   By: _____
                                       Michael E. Unger (MU 0045)
                                       80 Pine Street
                                       New York, NY 10005
                                       (212) 425-1900

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1.    I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.    The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3.    The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
MICHAEL E. UNGER

Sworn to before me this
2 4th day of October 2007

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/